IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:22-cr-242-ECM |
| | ) | (WO) |
| LEROY THOMAS JOYNER, JR. | ) | |

**O R D E R**

Now pending before the Court is the *pro se* Defendant's motion for disqualification of all judges in the Middle District of Alabama (doc. 131) filed on July 19, 2023.

The Defendant asserts that "the impartiality of the judges of this Court might reasonably be questioned by an objective observer" because, according to him, the judges of this Court have violated judicial canons when ruling against him. The Defendant does not allege sufficient grounds for disqualification of any or all of the judges of this District. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, those "are proper grounds for appeal, not for recusal." *Id*. In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. "Thus, judicial remarks during the course of a [proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*.; *see also Lopez v. De Vito*, 824 F. App'x 683, 688 (11th Cir. 2020) ("That Judge Middlebrooks ruled adversely to Plaintiff – without

more – is insufficient to demonstrate pervasive bias or prejudice mandating recusal. Even an erroneous judicial ruling, by itself, constitutes proper grounds only for appeal, not recusal." (citation omitted)); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2nd Cir. 1988) ("A judge is as much obliged not to recuse [her]self when it is not called for as [s]he is obliged to when it is."); *In re Princeton Med. Mgmt., Inc.*, 248 B.R. 907, 911 (Bankr. M.D. Fla. 2000) ("[A] judge has the duty to judge absent legitimate grounds for disqualification.").

    Accordingly, for the reasons as stated, and for good cause, it is

    ORDERED that the motion for disqualification (doc. 131) is DENIED.

    DONE this the 20th day of July, 2023.

                                            /s/ Emily C. Marks  
                                      EMILY C. MARKS  
                                      CHIEF UNITED STATES DISTRICT JUDGE