IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )                              | |
| ) | |
| v.                                       ) | CRIM. ACT. NO. 1:22-cr-242-ECM |
| ) | |
| LEROY T. JOYNER, JR.                    ) | |

**MEMORANDUM OPINION and ORDER**

For good cause, the Court *sua sponte* VACATES its December 1, 2023 Memorandum Opinion and Order (doc. 169) and substitutes the following in its place.

Defendant Leroy T. Joyner, Jr. was charged on August 16, 2022, in an indictment with one count of transporting a minor in interstate or foreign commerce with the intent that the minor engage in sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2423(a). (Doc. 1). Now pending before the Court are the Defendant's five *pro se* motions to dismiss the indictment. (Docs. 48, 49, 50, 51, 109).[1] After multiple evidentiary hearings, the Magistrate Judge recommended the Court deny the motions to dismiss. (Doc. 129). On August 2, 2023, the Defendant filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 134). Upon an independent and *de novo* review of the record, including a review of the transcripts of the hearings before the Magistrate Judge, and for the reasons that follow, the Court concludes

---

[1] In its December 1, 2023 Memorandum Opinion and Order (doc. 169), the Court stated that the Defendant had four motions to dismiss pending before the Court (docs. 48, 49, 50, 51); however, there were five motions to dismiss (docs. 48, 49, 50, 51, 109). The lack of express reference to the fifth motion to dismiss (doc. 109) was a clerical error.

that the Defendant's objections are due to be overruled and the motions to dismiss are due to be denied.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has reviewed the transcripts of the evidentiary hearings in their entirety.

## DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts and procedural history of this case in her Recommendation. Consequently, a summary of the procedural history and facts related to the motions to dismiss is not necessary, as the Court adopts the Magistrate Judge's findings of fact. Although the Defendant objects to some of the Magistrate Judge's findings of fact, those objections are due to be overruled, as discussed further below.

As the Magistrate Judge explained in her Recommendation, a central issue underlying the Defendant's motions is his contention that the Government has destroyed or concealed evidence, including the contents of text messages on the alleged victim's cell phone and cell site data which would show the location(s) of the alleged victim's cell phone. The Magistrate Judge found that the Defendant had failed to present evidence that the Government destroyed or concealed evidence. The Magistrate Judge further found that the unrebutted evidence shows that "the records provided in response to the FBI subpoena in 2019 are the same records Verizon Wireless provided to the parties in April 2023 and that those records had already been provided to Defendant by the Government in its discovery." (Doc. 129 at 12). This unrebutted evidence includes testimony from Christopher Bryla, a subpoena analyst for Verizon Wireless whom the Magistrate Judge found was credible, (*id.* at 10 & n.7), and testimony from FBI Special Agent Heather Whelan Holt, (*id.* at 11). Bryla and Agent Whelan Holt further testified that contents of text messages cannot be obtained without a search warrant, and that a search warrant for the contents of text messages on the alleged victim's cell phone was not issued. Bryla also testified that cell site data cannot be obtained without a search warrant or court order, and that Verizon Wireless had not received a search warrant or court order for cell site data pertaining to the alleged victim's cell phone.

The Defendant objects to the Magistrate Judge's finding that he failed to present evidence the Government destroyed or concealed evidence, asserting that the Report and Recommendation "disregards clear and convincing evidence that the Government sought to conceal and destroy records helpful to the defense." (Doc. 134 at 1). According to the

3

Defendant, the Government's destruction and concealment of evidence is reflected in "the Serial Export Manifest ('manifest')." (*Id.* at 2). The Defendant contends the manifest shows that the Government provided him only four documents relating to the alleged victim's records which were provided in response to the 2019 FBI subpoena. The evidence he cites in support of this contention, however, does not support the conclusion that only four documents had been provided to him. The Defendant then asserts that, according to the manifest, the Government did not provide him with 12 additional documents which were contained in Verizon Wireless's April 2023 submission to the Court and which he did not possess until Verizon provided the documents to the Court. Again, however, the evidence he cites in support of this assertion does not support the conclusion that 12 additional documents were provided by Verizon Wireless in April 2023. In sum, the Defendant fails to establish that the Magistrate Judge erred in concluding, based on the unrebutted evidence presented, that the Defendant had failed to present evidence that the Government destroyed or concealed evidence, and that "the records provided in response to the FBI subpoena in 2019 are the same records Verizon Wireless provided to the parties in April 2023 and that those records had already been provided to Defendant by the Government in its discovery," (doc. 129 at 12). Accordingly, this objection is due to be overruled.

Although not framed as objections to the Report and Recommendation, the Defendant also sets out three alleged misrepresentations made by the Magistrate Judge which, according to him, support his pending motion requesting the disqualification of all judges in the Middle District of Alabama. The Court has since denied the Defendant's

4

motion for disqualification, (doc. 132), as well as the Defendant's subsequent motions to reconsider that denial, (docs. 135, 137, 142). Thus, the matter appears to be moot. To the extent the Defendant was raising additional objections to the Report and Recommendation, he fails to demonstrate that the Magistrate Judge made any misrepresentation or otherwise erred in her Report and Recommendation. Consequently, his objections are due to be overruled.

## CONCLUSION

For the reasons stated, it is

ORDERED as follows:

1. The Defendant's objections (doc. 134) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 129) is ADOPTED;

3. The Defendant's motions to dismiss (docs. 48, 49, 50, 51, 109) are DENIED.[2]

Done this 22nd day of December, 2023.

                      /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In the Court's December 1, 2023 Memorandum Opinion and Order (doc. 169), the Court expressly denied four of the Defendant's five motions to dismiss (docs. 48, 49, 50, 51), although the Court also adopted the Magistrate Judge's Recommendation (doc. 129) in its entirety which included the Magistrate Judge's recommendation that the fifth motion to dismiss (doc. 109) be denied. The lack of express reference to the fifth motion to dismiss (doc. 109) was a clerical error.