IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:22-cr-242-ECM-JTA |
| | ) (WO) |
| LEROY THOMAS JOYNER, JR. | ) |

## **ORDER**

This matter is before the court on the motion for status conference, renewed motion for status conference and emergency motion for transcripts filed by *pro se* Defendant Leroy Thomas Joyner, Jr. (Docs. No. 249, 250, 253.) The motions were referred to the undersigned for appropriate disposition pursuant to 28 U.S.C. § 636(b). (Doc. No. 254.)

The undersigned has reviewed the motions for status conference and concludes that they are due to be granted. (*See* Docs. No. 250, 253.) A telephone status conference will be set in this matter.

The undersigned has also reviewed Defendant's Emergency Motion for Transcripts. (Doc. No. 249.) In the motion, the defendant seeks the following transcripts:

* Dale County PFA Hearing Transcript
* January 23, 2019 CAC Interview transcript
* February 6, 2019 CAC Interview transcript
* April 26, 2021 Faretta Hearing
* June 1, 2021 Motion Hearing
* September 22, 2021 Pre-trial Conference
* September 27, 2021 Faretta Hearing (Dkt. 28)
* October 13, 2021 Pre-trial Hearing
* January 23, 2022 Motion Hearing
* September 22, 2022 Pre-trial Conference
* January 23, 2023 Faretta Hearing

> \* February 24, 2023 Motion Hearing
> \* April 13, 2023 Evidentiary Hearing
> \* April 26, 2023 Phone Conference
> \* May 04, 2023 Evidentiary Hearing
> \* January 22-23, 2024 Trial Transcript (Note: Will need opening argument, sidebar conferences, closing arguments and other trial related hearings.)

(*Id.*) The defendant filed said motion on June 26, 2024, urging the court to provide access to said transcripts so that he can "produce sufficient facts needed for the August 8, 2024 Sentencing Hearing and forthcoming appeal." (*Id*. at 10.) For the following reasons, the undersigned finds that the motion is due to be granted in part and denied in part.

At the outset, it is worth noting that the defendant has proceeded *pro se* in this case for the majority of its duration. This case commenced on August 16, 2022. (Doc. No. 1.) The defendant represented himself from January 23, 2023 until January 10, 2024, when he terminated his election to proceed *pro se* for trial. (*See* Doc. No. 45.) The defendant was represented by counsel at trial, found guilty by a jury and then resumed representing himself thereafter. (Docs. No. 203, 227, 240, 247.)

A review of the docket in this case establishes that the United States District Judge on January 25, 2024, initially set this matter for a sentencing hearing on May 17, 2024. (Doc. No. 229.) Four months later, on May 6, 2024, the District Judge then granted the motion to continue the sentencing hearing filed by defense counsel and continued the sentencing hearing to August 8, 2024. (Doc. No. 239.) One month later, on June 11, 2024, the defendant, proceeding *pro se* post-trial, filed a motion for leave to file late objections to the presentence investigation report ("PSR"). (Doc. No. 240.) The District Judge granted the motion, on June 24, 2024, and afforded the defendant

2

"until July 8, 2024, to file late objections to the presentence report." (Doc. No. 247.) Two days later, the defendant filed the instant so-called "emergency" motion.

The defendant's motion is not an emergency. The defendant had ample time to request transcripts to prepare for the sentencing hearing. Five months before the defendant filed his motion, the court set this matter for a sentencing hearing. The defendant thus had five months to request transcripts. Prior to the filing of the instant motion, the defendant had not sought <u>any</u> transcripts from <u>any</u> proceedings in this case.[1] It is apparent from the record that the defendant has been capable of filing motions as he sees fit during the duration of this case, thus it is unclear to the undersigned why the defendant's decision now to file a motion for transcripts constitutes an emergency.[2]

---

[1] The defendant was indicted in two prior cases, which were dismissed absent conviction. (*See* Case No. 1:20-cr-33-ECM-SMD, Doc. No. 95; Case No. 1:21-cr-339-RAH-SRW, Doc. No. 79.) It appears that the defendant is seeking transcripts from proceedings held in those cases, but he failed to identify which hearings were held in which cases. The undersigned has advised the defendant on prior occasions that he must state the particular case number when referring to documents in the other cases. He failed to do so here.

[2] It is also apparent from the defendant's motion that it would be very difficult, if not impossible, for official transcripts of <u>all</u> the requested proceedings, interviews, and the trial to be created, edited, finalized, and delivered to the defendant by the current date of the sentencing hearing. This is true even if an order had been entered on the defendant's motion on the day it was filed. Official transcripts require intensive work by a court reporter, and the volume of transcripts the defendant has requested would take significant time for a court reporter or reporters to produce. This court's reporters are limited in number and, at any given time, are working on transcripts for numerous proceedings before various judges, so it would be unreasonable to expect a court reporter to devote all their time to this case on an "emergency" basis. Due to the workload of the court reporters, production of all the requested transcripts on the purported emergency basis would potentially hamper the operations of this court. While that is <u>not</u> the reason for the denial of the motion with respect to certain requested transcripts, it is worth noting because it illustrates an important reason why the defendant needs to both exercise due diligence and adequately explain the factual and legal basis of the relief sought as the requested relief here has great potential to impact the operations of the court.

By waiting without good cause until the last minute to file a motion for relief that could have been filed much earlier, a litigant may place himself in an "emergency" situation; however, that does not convert his last-minute motion into an "emergency" motion. In other words, lack of planning or due diligence on a litigant's part does not create an emergency on the part of the court. *See Michel v. Creations By Chef Aaron, LLC*, No. 6:15-CV-876-ORL-TBS, 2016 WL 1244659, at *1 (M.D. Fla. Mar. 30, 2016) (presenting examples of actual emergencies and stating that, "[d]espite its title, the motion does not present an emergency.... When a party improperly alleges that a motion presents an emergency it disrupts the operation of the Court and the orderly administration of justice."); *Walker v. Yamaha Motor Co.*, No. 6:13-CV-1546-ORL-37, 2015 WL 3562736, at *2 (M.D. Fla. June 5, 2015) ("This brings to mind an old saying: 'Lack of planning on your part does not constitute an emergency on mine.'"); *Huminski v. Vermont*, No. 2:13-CV-692-FTM-29, 2014 WL 169848, at *3 (M.D. Fla. Jan. 15, 2014) ("As a preliminary matter, a review of the motion reveals that no emergency exists despite the title of the motion....[S]uggesting an 'emergency' exists on the title of a pleading should be used in only extraordinary circumstances, when there is a true and legitimate emergency."). *Cf. Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 683, 684 (S.D. Fla.), *aff'd*, 310 F.R.D. 689 (S.D. Fla. 2015) ("This Court notes that problems concerning last-minute discovery do not present a true emergency.").

Nevertheless, because the defendant has a right to object to the PSR and to present any information in mitigation of punishment at the sentencing phase, the court

will endeavor to evaluate the defendant's request for the various transcripts. Fed. R. Civ. P. 32(f); Fed. R. Civ. P. 32(i)(3) (providing that, at sentencing, the court must consider "any disputed portion of the [PSR] or other controverted matter" and determine whether to rule on the dispute); Fed. R. Civ. P. 32(i)(4) ("Before imposing sentence, the court must … "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence …."); *see also Green v. United States*, 365 U.S. 301, 304 (1961). The defendant argues that he needs all the requested transcripts because "facts held within these transcripts are needed" for his objections to the PSR, for use at the sentencing hearing, and for use on appeal. (Doc. No. 249 at 2.) More particularly, the defendant contends that he needs "facts" from the requested transcripts to contest certain enhancements and upward variances recommended in the PSR,[3] and to respond to upward variances requested by the government. Thus, it is incumbent on the defendant to adequately state the basis upon which the requested transcripts will assist him in accomplishing those goals. *See* Fed. R. Crim P. 47(b) ("A motion must state the grounds on which it is based and the relief or order sought."). (Doc. No. 91 at 1 (denying this defendant's motion on grounds that he provided no clear explanation of the factual or legal basis upon which the due process clause was allegedly violated, and further stating: "Joyner has chosen to represent himself. Therefore, it is his responsibility to ensure that, when he files a

---

[3] The undersigned Magistrate Judge does not have a copy of the PSR, nor should the undersigned have a copy of it at this time, as the undersigned is not the sentencing District Judge. For purposes of this Order, the undersigned relies on the defendant's representation of the contents of the PSR.

motion, he makes clear the relief that he is requesting *and the factual and legal basis for that relief.*" (emphasis added).)

First, the defendant appears to request transcripts from proceedings which are not a part of this case. A review of the docket indicates that this case commenced on August 16, 2022. (*See* Doc. No. 1.) The defendant requests one transcript without providing a date of the transcript, and requests other transcripts from hearings which occurred prior to August 16, 2022. The defendant does not identify the case number for those hearings, the judges involved in those hearings, or a reason why transcripts from those hearings are necessary for the sentencing hearing in this matter. He does not explain what "facts" (or evidence) would be contained in those transcripts that would render them useful at sentencing. Because the defendant has not adequately stated a factual and legal basis upon which he requires transcripts from other cases, the court cannot grant him the requested relief. Fed. R. Crim. P. 47(b).

Second, the defendant does not state why a transcript for the hearing held in this case on January 23, 2023, in which the court heard Attorney J. Mark Shelnutt's request to withdraw as attorney and the defendant's motion for extension of time to file additional motions, is necessary for his sentencing hearing. Nor has the defendant stated why a transcript from the September 22, 2022 pretrial conference is necessary for his sentencing hearing. The court did not hear any evidence from any witness in those proceedings. Because the defendant has not adequately stated factual and legal grounds for needing copies of these particular transcripts at the sentencing phase, and because there is no obvious reason why these transcripts would be of use to him in

objecting to the PSR or raising objections at the sentencing hearing, the court will not order that these transcripts be transcribed and provided to the defendant at this time. Fed. R. Crim. P. 47(b).

Third, the defendant does not state why a transcript of a telephone conference held on April 26, 2023, where the court addressed written correspondence received from counsel for Verizon Wireless in response to subpoenas from the defendant, is necessary for his sentencing hearing. The court afforded the defendant an opportunity to review the subpoenaed records from Verizon Wireless and held a separate hearing on that issue. (Docs. No. 103, 107.) The transcript from that separate hearing, which included testimony from a Verizon Wireless employee, has already been made a part of the record. (*See* Doc. No. 126.) It appears from the record that the defendant has a copy of said transcript as he cited to it in a previous court filing. (*See* Doc. No. 134 n.3.) Nonetheless, as a courtesy and because no prejudice or delay will result from doing so, another copy of the transcript of the April 26, 2023 telephone hearing will be provided to the defendant. (*See* Doc. No. 126.)

Fourth, it appears that excerpts of the trial have been transcribed. (*See* Doc. No. 231, 232.) The defendant is entitled to copies of these transcript excerpts for sentencing.

Fifth, the court considers the defendant's argument that he needs the entire trial transcript in order to object to the PSR and represent himself at the sentencing phase. Under the circumstances, this is not, on its face, an unreasonable request. Though the defendant was present at his trial, he was not representing himself during those

7

proceedings. Additionally, it is not unreasonable for the defendant to seek to rely on a transcript rather than on his memory, particularly where his sentence is on the line and the multi-day trial was held nearly seven months ago. A transcript would not only allow the defendant to ensure that his recollection of the trial testimony and evidence matches reality; it would allow the court and the government to ensure that all discussions of what occurred at trial are based on fact, not on competing recollections, and that any party's mistakes or misrepresentations in recounting the trial proceedings can be easily dispelled. *See State v. Lopez*, 280 Conn. 779, 788, 911 A.2d 1099, 1109 (2007) ("[W]hen new defense counsel has been appointed after trial and before sentencing, the trial court, as a general rule, should allow counsel an opportunity to review the trial transcript before holding a sentencing hearing." (citations omitted)); *State v. Brodene*, 493 N.W.2d 793, 795 (Iowa 1992) (noting the defendant's argument that his new post-trial counsel should not be required to rely solely on the defendant's memory of events at the trial and further stating that, "[b]ecause substitution of counsel was allowed in this case, it is obvious that a transcript was needed"). As for the relevance of the trial transcripts, although the undersigned was not present at trial, the undersigned is familiar enough with the underlying issues in the case to conclude that the trial transcript is likely to contain evidence relevant to one or more of the issues the defendant plans to contest in the PSR or at sentencing.[4] On the whole, the court

---

[4] The defendant is cautioned that the undersigned's conclusion that information in the trial transcript <u>may</u> be relevant to anticipated disputes at this phase of the litigation <u>is not a finding</u> that the evidence would support the defendant's arguments on those disputed issues. The undersigned was not present at the trial. Further, the undersigned's conclusion on this point is not to be

8

concludes that the defendant has reasonably articulated a legitimate need for the trial transcript at this stage of the proceedings.[5] Therefore, the undersigned will direct that the trial proceedings be transcribed, and that the transcript be provided to the defendant.

Sixth and finally, as the defendant is well-aware,[6] he will have an opportunity to request transcripts for purposes of appeal. *See* 11th Cir. R. 10-1. Hence, partial denial of the defendant's motion at this stage in the litigation does not impede the defendant's ability to request and obtain transcripts for purposes of appeal. The defendant's argument that he needs transcripts for purposes of appeal is premature at this time.

---

construed as indicating the ultimate relevance or admissibility of any evidence, including the trial transcript, at the sentencing phase. Nor does this Order obligate the District Judge to resolve any matter the defendant intends to place in dispute at the sentencing phase.

[5] The defendant is reminded that it is for the district judge, not the undersigned, to determine what disputes to resolve and what evidence to admit for consideration at the sentencing phase. Fed. R. Civ. P. 32(i)(3)-(4). Again, the undersigned is not privy to the trial proceedings and the contents of the PSR. Based on the limited available information, and without encroaching on matters within the district judge's discretion at the sentencing phase, the best the undersigned can do is determine that the defendant has adequately shown that the trial transcript may be relevant to his arguments at the sentencing phase, and that there is reason to provide him a copy of the trial transcript at this juncture. Denying the defendant's request for the trial transcript may encroach on the ability of the district judge to consider the defendant's arguments and evidence at the sentencing phase, if the district judge decides, in her discretion, to do so. On the other hand, allowing the defendant to have a copy of the trial transcript will ensure that it is available and that the defendant's arguments will be more clearly articulated in the event that the district judge chooses to resolve the sentencing disputes that the defendant wishes to raise. *See* 3 Fed. Prac. & Proc. Crim. § 531 (5th ed.) (stating that, in ruling on a dispute regarding the contents of the presentence report, "the [sentencing] court may permit the parties to introduce evidence on the issue").

[6] The defendant appealed this case previously and completed an appeal transcript order form. (*See* Doc. No. 52.)

9

Accordingly, it is ORDERED as follows:

1. The defendant's motion for transcripts (Doc. No. 249) is GRANTED IN PART to the following extent:

    a. The defendant is entitled to receive a copy of the transcripts that are already in the record in this case.[7] (*See* Docs. No. 125, 126, 127, 231, 232.)

    b. The defendant is entitled to a transcript of the trial proceedings.

    c. The Clerk of the Court is DIRECTED to arrange for transcription of the trial proceedings and for provision of a copy of the transcript to the defendant.

    d. Because the defendant is indigent, the transcripts shall be prepared at no expense to him but shall be paid by the United States. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), … shall be paid by the United States out of moneys appropriated for those purposes."). Hence, the Criminal Justice Act Clerk is DIRECTED to prepare the necessary AUTH24 and CJA-24 for the defendant.

2. The defendant's motion for transcripts (Doc. No. 249) is DENIED in all other

---

[7] The "CAC Interview transcripts" which the defendant requests are not a part of the record. It appears from the docket that recordings of these interviews were admitted into evidence at trial, not transcripts of the interviews. (*See* text entry for Doc. No. 228 (noting Government Exhibits 21 and 23 were "CD-Conventionally Filed").) The defendant has not indicated why he requires a *written transcript* of this evidence.

respects.

3. The Clerk of the Court shall provide <u>immediately</u> a copy of this Order, and the transcripts identified in paragraph 1.a. above to the United States Marshal. The United States Marshal shall deliver <u>immediately</u> the documents to the defendant at the Montgomery County Detention Center.

4. Upon completion of the trial transcript, the Clerk of the Court shall <u>immediately</u> provide a copy of the transcript to the United States Marshal. The United States Marshal shall deliver <u>immediately</u> the copy of the trial transcript to the defendant at the Montgomery County Detention Center.

5. The motions for status conference (Docs. No. 250, 253) are GRANTED.

6. This matter is set for a telephone status conference for August 2, 2024 at 10:00 a.m.

    a. The Clerk of the Court is directed to provide a court reporter for the conference.

    b. The Courtroom Deputy will provide the dial in information to the parties.

    c. The United States Marsal is directed to make arrangements for Defendant to participate by telephone in the conference.

7. The Clerk of the Court also shall mail a copy of this Order to the defendant.

DONE this 1st day of August, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE