IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                              ) | CASE NO. 1:22-cr-242-ECM-JTA |
| ) | (WO) |
| LEROY THOMAS JOYNER, JR.   ) | |

## **ORDER**

Previously, the undersigned was made aware that, at 7:59 a.m. today, Defendant Leroy Thomas Joyner, Jr., sent his standby counsel, Mr. Preston Presley, an email and copied the courtroom deputy for the undersigned as a recipient of the email. According to the information provided to the undersigned, the email communicated Joyner's expectation that a document[1] attached to the email "MUST BE FILED IMMEDIATELY!!!" and that the courtroom deputy was copied on the email to ensure that she was aware that the document was expected to be filed today.

On numerous levels, it is highly inappropriate for any litigant or counsel to provide notice of a document to be filed "IMMEDIATELY!!!" to the courtroom deputy[2] by way of copying her on an email to standby counsel. Joyner has chosen to

---

[1] The court has not and will not consider or rule on any document that is emailed to the court as an email attachment to any member of the court's staff.

[2] The courtroom deputy's responsibilities do not include obeying instructions from litigants or carrying messages to the undersigned from litigants. That is always true, and it is particularly true when the litigant expects the courtroom deputy to act in a short period of time. The courtroom deputy's actual job responsibilities required her presence in court this morning. She will not abandon her responsibilities to file documents or serve as an intermediary messenger on a rushed

represent himself, as is his right, but that choice comes with certain inconveniences that are beyond the responsibility or capacity of this court or its personnel to remedy. It is not a choice that entitles Joyner to special exceptions simply because some features of *pro se* litigation, such as filing requirements, are inconvenient. *See Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (holding that a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Joyner "will be held to the same requirements as any other litigant, including the requirement that all communication with the court be conducted through proper filings." *Pereira v. Gunter*, No. 2:23-CV-5-ECM-JTA, 2023 WL 8467779, at *2 (M.D. Ala. May 11, 2023). Therefore, "[i]f [Joyner] has any matter he wishes to place before the court, he must do so in a written, filed document that has been properly served on opposing counsel and that contains a properly completed certificate of service." *Id*.; Fed. R. Crim. P. 49 (setting out procedures for filing and service).

**This court does not accept *ex parte* communications from any party.** Joyner is ORDERED to cease all *ex parte* communications. Joyner shall not attempt to communicate with the court or its employees via email. Joyner shall not involve the court or its employees in communications with his standby counsel or opposing

---

timeline upon being carbon copied an email from a litigant demanding to file "emergency" motions that, as the court has previously explained, are not actually emergencies. (*See* Doc. No. 255.)

counsel, such as by copying court employees on emails. Joyner shall not provide information to court employees with the express or implied expectation that those employees will relay that information to any judge or to any judge's chambers staff.

The court will not respond to unauthorized email communications; such communications are subject to summary deletion without being read. Filings sent by email (or by any method other than proper methods for filing in accordance with Rule 49 of the Federal Rules of Criminal Procedure) will be discarded and not read.

**<u>Failure to comply with these instructions may result in sanctions.</u>**

The Clerk of the Court is DIRECTED to immediately notify the undersigned if Joyner attempts to communicate with Clerk's Office employees in a manner that is not in accordance with the above-stated directives.

DONE this 2nd day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE