IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CASE NO. 1:22-cr-242-ECM-JTA |
| ) | (WO) |
| LEROY THOMAS JOYNER, JR.   ) | |

## ORDER

Before the court is the "Emergency[1] Motion to Reconsider doc. 255" (Doc. No. 256) filed by *pro se* Defendant, Leroy Thomas Joyner, Jr. For the reasons stated below, the motion is DENIED.

The court interprets the filings of *pro se* parties with some leniency because *pro se* litigants are not trained in the law. *See Municipality of Dothan v. Hammond,* No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024). Nevertheless, regardless of how the filing party characterizes them, repetitive motions that seek revisitation of prior orders by raising or expanding on previously-rejected arguments are frivolous, waste the court's limited resources, and unnecessarily delay the resolution of the case on the merits. *See Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-CV-578-

---

[1] As Joyner has previously been informed, calling a motion an "emergency" motion does not make it one. (Doc. No. 255 at 4.) Further, Joyner has been informed that last-minute motions that could have been filed earlier are not "emergencies," and that suggesting an "emergency" exists under such circumstances has the potential to disrupt court operations and the efficient administration of justice. (Doc. No. 255 (citing *Michel v. Creations By Chef Aaron, LLC*, No. 6:15-CV-876-ORL-TBS, 2016 WL 1244659, at *1 (M.D. Fla. Mar. 30, 2016); *Huminski v. Vermont*, No. 2:13-CV-692-FTM-29, 2014 WL 169848, at *3 (M.D. Fla. Jan. 15, 2014)). Conduct that unnecessarily disrupts the administration of justice, even by a *pro se* litigant who has been warned, can result in imposition of sanctions.

ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (explaining that motions to reconsider nonfinal orders are appropriate only in exceptional circumstances where the movant demonstrates "(1) a manifest error of law, (2) manifest error of fact, or (3) newly-discovered evidence"); *see also* Fed. R. Crim P. 59(a) (providing a procedure for objecting to nondispostive orders of the magistrate judge, which does not include filing a motion for reconsideration). Motions seeking revisitation of prior orders based on new arguments that could have been raised prior to entry of the challenged order are likewise almost always frivolous, a waste of judicial resources, and an unnecessary source of delay. *See Holmes*, 2023 WL 2413993, at *1 (discussing the standard of review for motions to reconsider nonfinal orders). Thus, the motion for reconsideration, which presents arguments that were or could have been raised in the original motion, is due to be denied as meritless.

Accordingly, it is ORDERED that the motion for reconsideration (Doc. No. 256) is DENIED.

This Order does not preclude the defendant from filing timely objections for resolution by the assigned district judge, and any such objections must be filed within fourteen days of the date of the challenged order. *See* Fed. R. Crim. P. 59(a).

DONE this 5th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE