IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 1:22-cr-242-ECM |
| | ) | [WO] |
| LEROY T. JOYNER, JR. | ) | |

**O R D E R**

Now pending before the Court is Defendant Leroy T. Joyner, Jr.'s *pro se* renewed motion for release pending appeal (doc. 264) filed on August 7, 2024.  Prior to his sentencing and the imposition of judgment, the Defendant filed a motion for release pending sentencing and appeal (doc. 245), which this Court denied with respect to release pending sentencing and denied without prejudice with respect to release pending appeal (doc. 248).  Upon consideration of the Defendants' submissions, and for the reasons that follow, the Defendant's renewed motion is due to be denied.

## LEGAL STANDARD

A defendant's release or detention pending his appeal is governed by 18 U.S.C. § 3143(b).  Section 3143(b)(2) requires that the Court detain, pending his appeal, "a person who has been found guilty of an offense in a case described in" 18 U.S.C. § 3142(f)(1)(A), (B), or (C), "and sentenced to a term of imprisonment."  However, a defendant subject to mandatory detention pursuant to § 3143(b)(2) may nonetheless be released pending appeal if he satisfies the criteria in § 3143(b)(1) *and* shows that there are "exceptional reasons" why detention would not be appropriate. *See* 18 U.S.C. § 3145(c). To satisfy the criteria in § 3143(b)(1), the defendant must establish:  (1) by clear and

convincing evidence, that he is "not likely to flee or pose a danger to the safety of any other person or the community"; and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" either a "reversal," "an order for a new trial," "a sentence that does not include a term of imprisonment," or "a sentence that does not include a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." The defendant bears the burden of demonstrating entitlement to release pending appeal. *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

## DISCUSSION

### The Defendant is subject to mandatory detention

The Defendant is plainly subject to mandatory detention pursuant to § 3143(b)(2). On January 23, 2024, a jury found the Defendant guilty of one count of violating 18 U.S.C. § 2423(a) (doc. 227), "an offense for which the maximum sentence is life imprisonment." *See* 18 U.S.C. § 3142(f)(1)(B). On August 8, 2024, this Court sentenced the Defendant to 300 months' imprisonment. Thus, because the Defendant was found guilty of an offense for which the maximum sentence is life imprisonment and he was sentenced to a term of imprisonment, § 3143(b)(2) requires that the Defendant be detained pending his appeal— unless he can show that he is not likely to flee or pose a danger, he raises a substantial question of law or fact on appeal, *and* there are exceptional reasons why detention would not be appropriate.

### The Defendant fails to meet the criteria in 18 U.S.C. § 3143(b)(1)

First, the Defendant has failed to marshal clear and convincing evidence that he is

not likely to flee *or* pose a danger to any other person or the community. *See id.* § 3143(b)(1). The Defendant was just sentenced to 300 months' imprisonment—25 years—for his conduct which includes, but is not limited to, repeated sexual and physical abuse of a vulnerable fourteen-year-old girl, after the victim's family had entrusted her to the Defendant's care. Some of this abuse occurred in the Defendant's own home. The egregiousness and overall circumstances of the Defendant's conduct militates strongly against a finding that he has shown, by clear and convincing evidence, that he is not likely to pose a danger to any other person or the community. *Cf. United States v. McGowan*, 2020 WL 3867515, at *3 (6th Cir. July 8, 2020) (finding, in a production of child pornography case, that the weight of the evidence suggested that the defendant posed a danger to the community based on, among other factors, the seriousness of the offense and that his conduct "occurred from the safety of his home").[1] Consequently, the Defendant fails to establish his entitlement to release pending appeal for this reason alone.

The Defendant also fails to show that his appeal is not for the purpose of delay *and* that it raises a substantial question of law or fact likely to result in reversal, a new trial, a non-prison sentence, or a reduced sentence that is less than his time served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1). Because he has been detained for less than eight months to date (since January 23, 2024), and his offense of conviction carries a ten-year mandatory minimum, the Defendant fails to show that his appeal is likely to result in "a sentence that does not include a term of imprisonment less

---

[1] Here, and elsewhere in this Order, the Court cites nonbinding authority. While the Court acknowledges that these decisions are nonprecedential, the Court finds them persuasive.

than the total of the time already served plus the expected duration of the appeal process." And because of the ten-year mandatory minimum, the Defendant certainly cannot show that his appeal is likely to result in "a sentence that does not include a term of imprisonment." Consequently, the Court will focus its analysis on whether the Defendant's appeal raises a substantial question of law or fact likely to result in reversal or a new trial.

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901. And the Court "may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* at 900. For the following reasons, the issues the Defendant identifies are insufficient to support a finding that his appeal raises a substantial question of law or fact likely to result in reversal or a new trial.

The Defendant contends that his lack of access to purportedly missing or suppressed phone records prevented him from being able to attack the victim's credibility at trial. The Court has addressed the Defendant's arguments concerning these phone records numerous times; suffice it to say that the Court finds the Defendant's current argument to be just as meritless now as it was before. It certainly fails to raise a "substantial question" within the meaning of § 3143(b)(1). *See Giancola*, 754 F.2d at 901. Moreover, the Defendant was able to—and did—attempt to impeach the victim's credibility at trial in other ways.

The Defendant also argues that, because the Government purportedly suppressed

evidence of the victim's second interview with a child advocacy center, he was unaware, prior to trial, of the victim's "exculpatory statement" in the interview that "travel from Alabama to Columbus was just for tennis." (Doc. 245 at 13).  According to the Defendant, this statement was a "clear negation" of the third prong of the charged offense, i.e., that the Defendant transported a minor across state lines "with intent that the [minor] engage in . . . any sexual activity for which any person may be charged with a criminal offense." (*Id.* at 13 & n.4).

First, to the extent the Defendant asserts that he was unaware of the second interview before trial, that assertion is unsupported by the record.  His trial commenced on January 22, 2024.  In a January 16, 2024 filing, the Defendant not only acknowledged the second interview but expressly requested that the Court admit the second interview. (Doc. 209 at 1, 5, 8).  Second, assuming for argument's sake the correctness of the Defendant's description of the victim's statement in that interview, the victim also testified that the Defendant sexually abused her in Louisiana and South Carolina while they were there for tennis tournaments.  Moreover, the victim stated in the interview that the Defendant would tell her prior to tournaments if they were going to be "able to do something." Consequently, on this record, the victim's statement that "travel from Alabama to Columbus was just for tennis" does not, as a matter of law, negate the third prong of the charged offense.  To the extent this statement may be relevant to the issue of the victim's credibility, the Defendant had the opportunity to cross-examine the victim at trial.  With respect to this issue, the Defendant fails to show that his appeal raises a substantial question of law or fact.

To the extent the Defendant raises other appellate issues, the Court finds that he has failed to show that they raise a substantial question of law or fact likely to result in reversal or an order for a new trial. Consequently, the Defendant is not entitled to release pending appeal for this additional, independent reason.

### The Defendant has not shown "exceptional reasons" why detention would not be appropriate

Finally, the Defendant has not shown "exceptional reasons" why his detention pending appeal would not be appropriate. *See* 18 U.S.C. § 3145(c). The statute does not define "exceptional reasons." Moreover, the Defendant did not cite any Eleventh Circuit caselaw defining "exceptional reasons," and the Court's independent research revealed none. Another judge in this district found exceptional reasons based on the recent death of the defendant's father and the defendant's need to resolve his father's financial matters. *See United States v. Johnson*, 2018 WL 4922724, at *2 (M.D. Ala. Oct. 10, 2018). The Second Circuit has explained that "[e]xceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (citation omitted); *see also id.* at 403–04 (holding that the district court clearly erred in finding that the defendant presented exceptional circumstances based on his "going to school, being employed, or being a first-time offender, either separately or in combination").

While the Defendant does not expressly identify any purported "exceptional reasons," he argues that his remaining incarcerated pending appeal "would leave him in a position of not being able to exercise his right to due process." (Doc. 264 at 1). The

Defendant fails to adequately explain why he needs to be released pending appeal to exercise his right to due process, let alone how this constitutes an "exceptional reason" why detention would not be appropriate. *Cf. United States v. Cropper*, 361 F. Supp. 3d 1236, 1244 (N.D. Ala. 2019) (explaining that the defendant "need not be released pending appeal to be able to effectively represent himself on appeal"). The Court finds that the Defendant has failed to identify exceptional reasons why his detention pending appeal would not be appropriate. For this additional, independent reason, the Defendant is not entitled to release pending appeal. Consequently, his motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's motion (doc. 264) is DENIED.

Done this 15th day of August, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE