IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:22-cr-242-ECM |
| | ) [WO] |
| LEROY T. JOYNER, JR. | ) |

**O R D E R**

Now pending before the Court are Defendant Leroy T. Joyner, Jr.'s *pro se* motion for transcripts on appeal (doc. 265) and renewed and expedited motion for transcripts (doc. 292). It appears to the Court that the Defendant seeks transcripts of the following proceedings for purposes of his appeal:

1. Dale County PFA Hearing Transcript
2. January 23, 2019 CAC Interview transcript
3. February 6, 2019 CAC Interview transcript
4. April 26, 2021 *Faretta* Hearing
5. June 1, 2021 Motion Hearing
6. September 21, 2021 Pre-trial Conference
7. September 27, 2021 *Faretta* Hearing
8. October 13, 2021 Pre-trial Hearing
9. January 23, 2022 Motion Hearing
10. September 22, 2022 Pre-trial Conference
11. January 23, 2023 *Faretta* Hearing
12. February 24, 2023 Motion Hearing
13. April 13, 2023 Evidentiary Hearing
14. April 26, 2023 Phone Conference
15. May 4, 2023 Evidentiary Hearing
16. January 22–23, 2024 Trial Transcript, including opening statements, sidebar conferences, closing arguments, and other trial related hearings.

On August 1, 2024, the Magistrate Judge granted in part the Defendant's earlier motion for transcripts, which the Defendant requested for purposes of sentencing. (Doc.

255). The Magistrate Judge found that the Defendant was entitled to receive a copy of the transcripts that are already in the record in this case (docs. 125, 126, 127, 231, 232)[1] and a transcript of the trial proceedings, and she further ordered the United States Marshal, in conjunction with the Clerk of the Court, to deliver the transcript copies to the Defendant at the Montgomery County Detention Facility. (Doc. 255 at 10–11). The Defendant does not assert that the United States Marshal failed to deliver the transcript copies to him as the Magistrate Judge ordered. Thus, it appears to the Court that the Defendant already possesses some of the requested transcripts, and the Court declines to order the provision of additional copies.

Additionally, the Defendant requests transcripts from proceedings which are not part of this case. (*See* doc. 255 at 6) (Magistrate Judge's Order making a similar observation about the Defendant's earlier motion for transcripts). This case commenced on August 16, 2022. (Doc. 1). Here, the Defendant requests the transcript from a hearing in Dale County without providing the date of the hearing, and he also requests transcripts from eight matters which pre-date August 16, 2022. Based on the Court's review and knowledge of this case, it appears that the Dale County PFA Hearing; the January 23, 2019 CAC Interview; and the February 6, 2019 CAC Interview were not proceedings before this Court. Moreover, partial recordings—but not transcripts—of the Dale County PFA hearing and the two CAC interviews were admitted into evidence at trial. The Defendant fails to sufficiently explain why he requires written transcripts of this evidence under the

---

[1] Docs. 125, 126, and 127 are transcripts of, respectively, the February 24, 2023 status conference; the May 4, 2023 evidentiary hearing; and the April 13, 2023 evidentiary hearing. Docs. 231 and 232 are portions of the trial transcript.

circumstances of this case. *Cf. United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (concluding that "nothing in the Court Reporter Act [28 U.S.C. § 753] requires that . . . audio or video recordings, which 'are not testimony but are themselves admitted into evidence as exhibits,' also be transcribed by the court reporter" (citation omitted)). Similarly, the Defendant fails to sufficiently explain why he requires transcripts of hearings or matters which took place prior to the commencement of this case on August 16, 2022.

In addition to the transcripts the Defendant has already received, the Court finds that the Defendant is also entitled to the transcripts from the September 21, 2022 pretrial conference; the January 23, 2023 hearing; and the April 26, 2023 telephone conference, all of which were proceedings before this Court in this action. It appears to the Court that transcripts of these proceedings are already in the record. (*See* docs. 288, 289, 290).

Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED as follows:

1. The Defendant's renewed and expedited motion for transcripts (doc. 292) is GRANTED as follows:

    a. The Defendant is entitled to receive a copy of the transcripts from the September 21, 2022 pretrial conference; the January 23, 2023 hearing; and the April 26, 2023 telephone conference (*see* docs. 288, 289, 290);

    b. The Clerk of the Court is DIRECTED to arrange for provision to the Defendant of copies of the transcripts of the proceedings listed in Paragraph 1.a;

2.  The Clerk of the Court is further DIRECTED to **immediately** mail copies of the transcripts identified in Paragraph 1.a to the Defendant at FCI Jesup;

3.  The Clerk of the Court is DIRECTED to mail a copy of this Order to the Warden of FCI Jesup;

4.  The Defendant's renewed and expedited motion for transcripts (doc. 292) is DENIED in all other respects;

5.  The Defendant's motion for transcripts on appeal (doc. 265) is DENIED as moot.

Done this 19th day of December, 2024.

                                          /s/ Emily C. Marks  
                                      EMILY C. MARKS  
                                      CHIEF UNITED STATES DISTRICT JUDGE